RECEIVED
JUN 25 2019
U.S. District Court
Eastern District of MO

# UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| Terry Shannon, ) | |
| Plaintiff, ) | |
| ) | 4:19-cv-01789-CDP |
| ) | |
| ) | Cause No. _____ |
| vs. ) | Division.: _____ |
| ) | |
| Vivial Media LLC, ) | |
| Defendant. ) | |
| Jeanne Hilley, ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW, Plaintiff, Terry Shannon, pro se, and for his cause of action against the Defendants states to this honorable court as follows:

### I. PRELIMINARY STATEMENT

This is an action for nominal and punitive damages pursuant

to Missouri Revised Statute § 290.140.

## II. JURISDICTION

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $250,000.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## III. PARTIES

4. Plaintiff, Terry Shannon (hereinafter, "Shannon") was at all relevant times herein an individual residing at: **1540 Fairmount Drive, Florissant, Missouri 63033**, in St. Louis County, Missouri.

5. Defendant, Vivial Media LLC (hereinafter Vivial LLC) was at all relevant times herein a corporation incorporated under the laws of Missouri, with office located at: **13500 Riverport Drive, Suite 100, Maryland Heights, Missouri 63043 .**

6. Defendant, Jeanne Hilley was at all relevant times herein an employee of Vivial LLC (Sr Human Resources Vice President) incorporated under the laws of Missouri, with office located at: **3100 Research Blvd, Suite 250, Dayton, Ohio 45420**

7. Defendant Vivial LLC does business in the State of Missouri.

8. Plaintiff, was employed by the Defendant (Vivial LLC), as an Inside Sales Representative.

2

## IV. ALLEGATIONS

9. Plaintiff was Hired December 22, 2017 as an Inside Sells Representative.

10. Plaintiff submitted his Constructive Resignation, on May 15, 2018 via email to the Defendants.

11. Plaintiff's Service Letter Request was delivered, via Certified mail, to Defendants on February 19, 2019 at 11:04 a.m.. **(see attached - Plaintiff's Request To Admit with email listed as Exhibit E)**

12. Lori Vesely (employee for Defendants) signed for receipt of the certified mail containing the Service letter, on February 19, 2019 at 11:04 a.m.. **(see attached - Plaintiff's Request To Admit with email listed as Exhibit E)**

13. April 05, 2019, was the (45) Forty-Five day deadline the Defendants to provide Plaintiff with a Service Letter, per Missouri Revised Statute 290.140.

14. The Defendants' sent Plaintiff a response to Plaintiff's Missouri Service Letter Request, via FedEx, on the date April 09,2019; which was four days past the 45 day deadline required in Missouri Revised Statute 290.140. )". **(see attached - Plaintiff's Request To Admit with Letter listed as Exhibit F).**

15. The Defendants' reply to Plaintiff's Service Letter request is dated April 9, 2019.

16. April 09, 2019 places the Defendants' response (49) forty-nine days past February 19,2019 date; the date that Defendants received Plaintiff's Missouri Service Letter Request.

17. Plaintiff did not receive the Defendants' response to Plaintiff's Missouri Service Letter Request until, April 10, 2019. )". **(see attached - Plaintiff's Request To Admit with Letter listed as Exhibit F).**

18. April 10, 2019 was (50) Fifty days from past the date that the Defendants received Plaintiff's Missouri Service Letter Request.

4

19. April 09, 2019, the Defendants sent a letter titled " <u>Your Post-Employment Obligation to Vivial LLC"</u>.

20. Said letter is dated May 15, 2018; (approximately one year, one month and six days) prior to Plaintiff requesting a Missouri Service Letter. **(see attached - Plaintiff's Request To Admit with Letter listed as Exhibit C).**

21. Said letter was/is not a response to Plaintiff's Missouri Service Letter, because it was written and is dated May 15, 2018, exactly, one year, one month and six days **prior to** Plaintiff requesting a Missouri Service Letter.

22. The Defendants allegedly prepared, wrote and delivered to Plaintiff a Missouri Service letter (approximately one year, one month and six days), "before" the Defendants received the Plaintiff's "Written Request for the Missouri Service Letter", sent via Certified Mail, per Missouri Revised Statute 290.140.

23. April 09, 2019, the Defendants included a second letter titled: "Request for Letter of Dismissal (Service Letter)". **(see attached - Plaintiff's Request To Admit with Letter listed as Exhibit B).**

5

24. In this second letter the Defendants stated "**Enclosed is a duplicate of the Service Letter provided to you at the time of your separation from Vivial.**" **(see attached - Plaintiff's Request To Admit with Letter listed as Exhibit B).**

25. Said statement is total shameless pretext, fraudulent misrepresentation, negligence per se and a scheme by Defendants.

26. Evidence presented by the Defendants proves that said letters are shameless pretext, because Plaintiff did not even request a Service Letter from Defendant until February 19, 2019, and not upon Plaintiff's Termination on May 15, 2018.

27. Therefore the Defendants could not have provided a Service Letter to Plaintiff on May 15, 2018, (approximately one year, one month and six days prior to Plaintiff's Request for Missouri Service Letter) as the Defendant claim.

28. Plaintiff resigned on May 15, 2018, via email, because there was visible mold growing in the work place that made Plaintiff ill, blatant race discrimination occurring on behalf of the employer, and co-employees

were stealing Plaintiff's sales leads from Plaintiff's Desk, and profiting from the thefts. **(see attached - Plaintiff's Request To Admit with email listed as Exhibit G).**

29. Jeanne Hilley, the Vice President of Human Resources, in another act of Shameless Pretext and Fraudulent Misrepresentation, sent Plaintiff an email stating that a mold inspection was conducted and no mold was found. **(see attached - Plaintiff's Request To Admit with email listed as Exhibit A).**

30. Before, during and after the email that Jeanne Hilley and Vivial sent to Plaintiff, containing pretext stating the "no" mold findings, the Defendants had, in their possession, their lab report, from a Laboratory named EMSL, that contradicted the contents of the Defendants' email. **(see attached - Plaintiff's Request To Admit with email listed as Exhibit A)**

31. Approximately one year later, the Defendants subsequently provided the Equal Employment Opportunity Commission (herein after, EEOC) a copy of the Defendants' lab report, attached to its Position Statement to Plaintiff's EEOC Charges.

32. The EEOC provided Plaintiff with a copy of the Defendants' Lab Report.

7

33. The Lab report contradicted the previous statement of the Defendants, alleging "No Mold was found within the workplace". **(see attached - Plaintiff's Request To Admit with email listed as Exhibit D)**

34. In the Lab report, it states that mold was found in Plaintiff's work area. **(see attached - Plaintiff's Request To Admit with email listed as Exhibit D)**

35. Jeanne Hilley's and Vivial's statement, that "no mold was found", was an act of Blatant Shameless Pretext and Fraudulent Misrepresentation of the facts presented for and to the Defendants, by "their" Mold Inspector, that was retained by the property owner.

36. The Defendant deliberately, willfully, maliciously, intentionally and recklessly did not send Plaintiff a Service Letter, in accordance with RSMO 290.14, because the Defendants would have had to "admit" the reason for Plaintiff's resignation, "exactly" as Plaintiff listed them in his resignation letter that Plaintiff submitted to the Defendants.

37. The Defendants failure to send Plaintiff's a Service letter within 45 days amounts to "Legal Malice", it was also intentional, without just cause or excuse, done with an evil motive and a reckless disregard for the rights of

8

the Plaintiff and entitle Plaintiff to an award of punitive damages in order to punish defendants and to deter similar conduct.

38. RSMO § 290.14 provides that employers who violate the statute by not sending a letter are additionally liable for punitive and nominal damages.

## V. JURY DEMAND

39. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

40. WHEREFORE, Plaintiff respectfully prays for a judgment as follows:

41. To award Plaintiff nominal damages;

42. To award Plaintiff punitive damages in an amount that will punish the Casino and deter similar conduct in the future;

43. And for such other relief this Court deems just and proper.

Respectfully Submitted,

*/s/ Terry Shannon*

Terry Shannon, pro-se
1540 Fairmount Drive
Florissant, Missouri 63033
(314) 716-3384
terryshannon.316@gmail.com
