UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TERRY SHANNON, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. 4:19 CV 1789 CDP |
| VIVIAL MEDIA LLC, et al., | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER OF DISMISSAL

This matter is before the Court on its review of the file. "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). Statutes conferring diversity jurisdiction are to be strictly construed. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Even in the absence of a challenge from any party, courts have an independent obligation to determine whether subject matter jurisdiction exists." *Sac & Fox*

*Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affairs*, 439 F.3d 832, 836 (8th Cir. 2006) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006)).

Plaintiff filed this suit *pro se* alleging federal subject matter jurisdiction on the basis of diversity of citizenship. 28 U.S.C. § 1332. He claims that this Court has subject matter jurisdiction over his claim "for nominal and punitive damages pursuant to Missouri Revised Statute § 290.140" because "the amount in controversy exceeds $250,000." Even if that were true, the face of plaintiff's complaint fails to invoke federal subject matter jurisdiction over his claim. A federal court can exercise diversity jurisdiction under 28 U.S.C. § 1332 only if the amount in controversy exceeds $75,000 and no defendant holds citizenship in the same state as the plaintiff. *Cascades Development of Minnesota, LLC v. National Specialty Ins.*, 675 F.3d 1095, 1098 (8th Cir. 2012*); OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). "The pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990).

Here plaintiff does not properly allege the citizenship of any of the parties. Moreover, the only facts he does allege -- that he lives in Missouri and the corporate defendant is a Missouri corporation -- preclude diversity of citizenship. In addition, plaintiff fails to properly allege the citizenship of the corporate

defendant, which is a limited liability company. For limited liability companies, the Court must examine the citizenship of each member of the limited liability company for purposes of diversity jurisdiction. *GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Plaintiff's complaint does not even identify the members of the limited liability company, much less properly allege their citizenship. A pleading that does not allege the citizenship of each member of a limited liability company is insufficient to establish diversity jurisdiction. *Barclay Square Properties*, 893 F.2d at 969. Finally, the complaint fails to invoke the Court's subject matter jurisdiction because it contains no allegations at all as to the citizenship of the individual defendant. For these reasons, plaintiff's complaint does not establish the Court's subject matter jurisdiction over this action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's complaint is dismissed without prejudice for lack of subject matter jurisdiction.

A separate Order of Dismissal is entered this same date.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 27th day of June, 2019.